UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | MBD Case No.   20-91411-DJC |
| DAVID CERASUOLO, | |
| Defendant. | |

**ASSENTED TO MOTION FOR CONTINUANCE OF TIME FOR FILING
AN INDICTMENT OR INFORMATION AND EXCLUSION OF TIME**

The United States of America, by and through Assistant United States Attorney Adam W. Deitch, respectfully moves this Court to grant a continuance of the time within which an Indictment or Information must be filed as to said defendant to September 28, 2020, and exclude the time period from July 29, 2020, through and including September 28, 2020, from the speedy trial clock, pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)A), and Sections 5(b)(7)(B) and 5(c)(1)(A) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008), on the grounds that the ends of justice served by granting the requested continuance and excluding this period outweigh the best interests of the public and the defendant in a speedy trial.  The government has conferred with counsel for the defendant, who assents to the requested continuance and exclusion of time.  In support of this request, the government states as follows:

1.      On July 29, 2020, David Cerasuolo ("Defendant") was charged by criminal complaint with attempting to entice or coerce an individual who has not yet attained the age of eighteen years, or attempt thereof, in violation of 18 U.S.C. § 2422(b) (Case No. 20-MJ-1292-DLC).  On the same day, Defendant was arrested and made his initial appearance before Magistrate

Judge Donald L. Cabell.  On July 30, 2020, Defendant waived a probable cause hearing and consented to a voluntary order of detention.

2.      Due to the ongoing public health emergency caused by the COVID-19 pandemic, as well its concomitant effect on the ability to convene regular grand juries, the Court entered an Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-3, on March 13, 2020.    The Order provided that, because of the Coronavirus/COVID-19 public health emergency, all regularly scheduled grand jury proceedings in the District of Massachusetts were continued to April 27, 2020.

3.      On March 30, 2020, the Court entered a Supplemental Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-4.  The Order extended the period during which all regularly scheduled grand jury proceedings were continued to May 29, 2020.

4.      On May 27, 2020, the Court entered a Second Supplemental Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-22.  The Order extended the period during which all regularly scheduled grand jury proceedings were continued to at least June 30, 2020.

5.      On June 29, 2020, the Court entered a Third Supplemental Order Concerning Grand Jury Proceedings, in the matter of *In re: Coronavirus Public Emergency*, General Order 20-28.  The Order extended the period during which all regularly scheduled grand jury proceedings were continued to at least August 14, 2020.  The basis for this extension was the continuing public health emergency arising out of the COVID-19 pandemic and the corresponding need to protect public health.

6.      Presently, three grand juries have begun meeting again for their scheduled weekly

sessions.  However, there have been multiple occasions when a grand jury has failed to convene its requisite quorum of jurors, thus preventing the presentation of cases for indictment.  The government, with the assistance and cooperation of the Court, is continuing its efforts to hold grand jury sessions.  Given concerns raised by jurors about the COVID-19 virus and related childcare and employment issues stemming therefrom, there is significant uncertainty as to whether those efforts will be successful.  As grand juries resume regular operations, the government is prioritizing cases with looming Speedy Trial Act and statute of limitations deadlines.  However, even as grand juries resume regular operations, there will remain a considerable backlog of cases brought by complaint that the government has been unable to present to a grand jury since before March 13, 2020.  The government anticipates that it will take multiple grand jury sessions over many weeks to present all of those cases.

7.      The same exclusions that apply for a trial under the Speedy Trial Act apply to the 30-day requirement to indict.  *See* 18 U.S.C. § 3161(h).  None of these exclusions directly reference a situation where a global pandemic and public health emergency is the reason why the indictment cannot be returned within the 30-day time period.  The present public health crisis is the type of situation where an "ends of justice" continuance of the indictment period is justified.  As noted by one court,"[a]lthough the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances."  *United States v. Kemprud*, 2020 WL 2128585 at *2 (E.D. Ca. May 5, 2020); *see also United States v. Richman*, 600 F.2d 286, 292-94 (1st Cir. 1979) (continuance supported by "a paralyzing blizzard"); *Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming a ends-of-justice continuance following the Mt. St. Helens' eruption); *United States v. Correa*, 182 F. Supp. 2d. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001

terrorists attacks and resulting public emergency).  Analogously, the Speedy Trial Act provides for an additional thirty days to seek an indictment "when no grand jury has been in session."  18 U.S.C. § 3161(b).  This 30-day extension applies automatically.  *United States v. Mann,* 701 F.3d 274, 285 (8th Cir. 2012).

8.      Numerous courts have found that the present public health emergency arising out of the COVID-19 pandemic provides proper grounds for an exclusion of time under the Speedy Trial Act.  *See United States v. Diaz-Nivar*, 2020 WL 3848200 at *3 (D. N.H. July 8, 2020) (finding time excludable under the Speedy Trial Act due to the COVID-19 pandemic); *Kemprud*, 2020 WL 2128585 at *2 (finding same); *United States v. Magana*, 2020 WL 2527041 at *2 (D. Utah May 18, 2020) (finding same); *United States v. Magana-Madrigal*, 2020 WL 2476470 at *1-2 (E.D. Tenn. May 13, 2020) (finding same); *United States v. Dill*, 2020 WL 2083011 at *1 (D. Me. April 30, 2020) ("In light of the global outbreak of COVID-19 and its far-reaching impact on public health, the Court finds that a continuance in this case is necessary to reduce exposure to the disease."); *United States v. Aguirre-Maldonado*, 2020 WL 2029610 at *1 (D. Minn. April 28, 2020) (finding excludable time based on pandemic); *United States v. Guardon-Diaz*, 2020 WL 1845315 at *1 (N.D. Ca. April 10, 2020) ("The nation's public interest in stemming the spread of COVID-19 outweighs the interest of the 'public and the defendant in a speedy trial.'"); *United States v. Castillo*, 2020 WL 1457915 at *1-2 (M.D. Tenn. Feb. 25, 2020) (excluding time for the filing of an indictment or information based on the COVID-19 pandemic).

9.      In light of the above, particularly this Court's General Orders with respect to grand juries during the COVID-19 pandemic and the ongoing challenges associated with convening grand juries, the government respectfully submits that the 30-day period within which to file an indictment or information in this case should be tolled through September 28, 2020, and the time

4

period of July 29, 2020 through September 28, 2020 should be excluded under the Speedy Trial

Act.  Any indictment or information should be filed in this case by September 28, 2020, absent

further Order of the Court.

      10.    The defense assents to this motion.

      11.    No previous extensions have been requested.

              Respectfully submitted,

              ANDREW E. LELLING
              United States Attorney

By:    */s/ Adam W. Deitch*
              ADAM W. DEITCH
              Assistant U.S. Attorney

Dated:   August 24, 2020

      The above motion is GRANTED for the reasons set forth therein, and the period from

July 29, 2020 through and including September 28, 2020 is excluded from all Speedy Trial Act

calculations.

Dated:   August ___, 2020

              _____
              HONORABLE DENISE J. CASPER
              UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document will be sent via email to the attorney of record for David Cerasuolo at:

> Julie-Ann Olson, Esq.
> Federal Public Defender Office
> 51 Sleeper Street, 5th Floor
> Boston, MA 02210
> Julie-Ann_Olson@fd.org

*/s/ Adam W. Deitch*
Adam W. Deitch
Assistant United States Attorney

Dated:  August 24, 2020

6